DA 06-0395

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 190N

STATE OF MONTANA,

      Plaintiff and Respondent,

    v.

RICHARD PAUL GIRARD,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Second Judicial District,
                      In and For the County of Silver Bow, Cause No. DC-2006-016
                      Honorable John W. Whelan, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          Walter M. Hennessey; Attorney at Law, Butte, Montana

      For Respondent:

          Hon. Mike McGrath, Montana Attorney General, Mark W. Mattioli,
          Assistant Attorney General, Helena, Montana

          Robert M. McCarthy, Silver Bow County Attorney, Brad Newman,
          Deputy County Attorney, Butte, Montana


                         Submitted on Briefs:  April 25, 2007

                                 Decided:  August 7, 2007


Filed:

                  _____
                                Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      In January of 2006, the State filed its Information in the District Court of the Second Judicial District, Silver Bow County, charging Richard Paul Girard with the offense of intimidation, a felony, in violation of § 45-5-203(1)(a), MCA. This charge arose from an incident in which the State alleged that Girard verbally threatened to inflict physical harm on two law enforcement officers as they arrested him in connection with a traffic accident.

¶3      Girard was tried before a jury and convicted in April of 2006. During the proceedings, the two arresting officers testified that Girard had become "enraged" while being taken into custody; that he had resisted arrest; and that he had repeatedly issued verbal threats to both of them. According to the officers, the most alarming among Girard's threats was directed at Officer Anthony Jurenic. Particularly, the officers testified, Girard named the street on which Officer Jurenic resides and threatened to kill him. Along with this threat, the officers further testified, Girard provided a detailed description of Officer Jurenic's residence and also claimed to have previously observed his activities inside the home through a bay window.

¶4     On appeal, Girard argues that the State failed to present sufficient evidence to establish each element of the offense of intimidation.  Thus, Girard contends that the District Court erred when it refused to either enter a judgment in his favor or order a new trial.

¶5     We are not persuaded by Girard's argument regarding the sufficiency of the evidence and we therefore need not address his additional arguments.  The record clearly demonstrates that the State's evidence was sufficient to establish each element of the offense of intimidation.  Therefore, we conclude that our decision in this case is appropriately rendered by memorandum opinion pursuant to Section I, Paragraph 3(d)(i) of our 1996 Internal Operating Rules, as amended in 2003.

¶6     Affirmed.


/S/ PATRICIA COTTER


We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS